IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 10-00232 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES M.F. KAHALEHOE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER MODIFYING DEFENDANT'S SPECIAL CONDITIONS OF SUPERVISED RELEASE**

On July 5, 2017, the Ninth Circuit Court of Appeals issued a Memorandum Opinion remanding proceedings to the District Court in order to clarify an imposed Special Condition of Supervised Release as to Defendant Kahalehoe.

The District Court imposed a Special Condition of Supervised Release stating, "If you are able to comply with your conditions of supervised release, the Court would have no objection to you attending school in the fall of 2017." The condition of supervised release was imposed as Special Condition Number 7 on August 9, 2016, and reimposed as Special Condition Number 8 on February 9, 2017.

The District Court hereby **MODIFIES** the Special Condition of Supervised Release.

1

**PROCEDURAL HISTORY**

On February 18, 2011, Defendant was convicted of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. (ECF No. 93). Defendant was sentenced to a term of imprisonment of 50 months followed by 5 years of supervised release. (Id.)

On November 1, 2013, Defendant commenced his first term of Supervised Release. (ECF No. 102).

On October 6, 2014, the Probation Office filed a Request for Course of Action alleging five violations. The allegations were that Defendant failed to comply with drug testing on two occasions, that he tested positive for use of Amphetamines on two occasions, and that he failed to report to substance abuse counseling. (ECF No. 102 at p. 2).

On October 22, 2014, the District Court held a hearing on an Order to Show Cause Why Supervised Release Should Not Be Revoked. (ECF No. 109). At the hearing, Defendant admitted to the five violations of his Supervised Release. (Id.) The sentencing for the violations was held in abeyance. The District Court modified Defendant's supervised release conditions requiring Defendant to serve six months community confinement in a residential reentry center. (Id.)

On July 29, 2016, the Probation Office filed an Amended

Request for Course of Action. (ECF No. 116). The Amended Request alleged four additional violations, including that Defendant tested positive for the use of Methamphetamine on three more occasions and that he failed to comply with drug testing on two more occasions. (ECF No. 116 at p. 2).

On August 9, 2016, the Court held a second hearing on an Order to Show Cause Why Supervised Release Should Not Be Revoked. (ECF No. 122).

At the hearing, the Defendant admitted to the four additional violations of Supervised Release. Defendant admitted that on December 1, 2014 and January 15, 2015, he failed to comply with drug testing. Defendant admitted that he tested positive for using Methamphetamine on January 5, 2016, July 7, 2016, and July 13, 2016. Despite Defendant's consistent relapses and drug use, Defendant indicated at the August 9, 2016 hearing that he wanted to enroll in school in the fall of 2016 to become a Certified Substance Abuse Counselor ("CSAC").

The District Court found that Defendant violated the terms of his supervised release, revoked Defendant's supervised release, imposed a term of imprisonment, and imposed conditions of supervised release. One of the special conditions stated, as follows: "If the defendant is able to be compliant with the conditions of supervised release, the Court would have no objection to the defendant resuming school in the fall of 2017."

(August 9, 2016 Judgment at p. 5, ECF No. 124).

Defendant appealed the special condition of supervised release imposed by the Court. (ECF No. 125).

On December 12, 2016, Defendant commenced his second term of Supervised Release. (ECF No. 133 at p. 5).

On January 31, 2017, the Probation Office filed a third Request for Course of Action. (<u>Id.</u>)  The third Request alleged that Defendant violated the terms of his Supervised Release.  The as he admitted to consuming Methamphetamine on three more occasions, failed to report to the Probation Officer, and failed to attend substance abuse treatment. (<u>Id.</u> at p. 3).

On February 3, 2017, the Probation Office filed an Amended Request for Course of Action, alleging two additional violations.  The allegations were that Defendant failed to attend substance abuse treatment on a second occasion and also failed to report to the Probation Officer. (ECF No. 136 at p. 3).

On the February 9, 2017 hearing before another District Court Judge, Defendant admitted to six additional Supervised Release violations occurring between December 31, 2016 and January 31, 2017. (ECF No. 139).  The District Court Judge revoked Defendant's supervised release, imposed a term of imprisonment, and imposed conditions of supervised release, including the condition subject to appeal. (ECF No. 140).

On July 5, 2017, the Ninth Circuit Court of Appeals issued a

Memorandum Opinion remanding proceedings to the District Court on the basis that the Special Condition of Supervised Release imposed by the District Court was vague. (ECF No. 142).

On July 27, 2017, the Mandate was issued. (ECF No. 143).

On September 21, 2017, the District Court held a hearing on the issue of the remand. (ECF No. 146).

## ANALYSIS

**I.　Remand**

The Special Condition of Supervised Release seeking clarification provided:

> If the defendant is able to be compliant with the conditions of supervised release, the Court would have no objection to the defendant resuming school in the fall of 2017.

(Judgment for Revocation of Supervised Release at Special Condition 7, dated August 9, 2016, ECF No. 124; Judgment for Revocation of Supervised at Special Condition 8, dated February 9, 2017, ECF No. 140).

The Ninth Circuit Court of Appeals Memorandum Opinion stated, "We also agree that the challenged condition as written is vague as to the meaning of 'school' and as to what constitutes compliance sufficient to permit Kahalehoe's return to school...On remand, the court must explain how any educational restriction is reasonably related to deterrence, protection of the public, and Kahalehoe's rehabilitation, and involves no greater deprivation

5

of liberty than is reasonably necessary to achieve these goals."
(Memorandum Opinion at pp. 2-3, citing 18 U.S.C. § 3583(d), ECF
No. 142).

**II.  Modified Special Condition of Supervised Release**

The District Court clarifies that the term "school" in the
Special Condition is intended to cover programs and classes aimed
at Defendant becoming a drug counselor or certified substance
abuse counselor ("CSAC").

The District Court clarifies that sufficient compliance
means that Defendant must comply with all the terms and
conditions of supervised release.

The Special Condition is **MODIFIED** to read as follows:

> Defendant may not enroll in a program to become a
> Certified Substance Abuse Counselor ("CSAC") or take
> classes aimed at becoming a drug or substance abuse
> counselor unless Defendant complies with all of the
> terms and conditions of Supervised Release for a period
> of approximately one year through September 1, 2018.
> Defendant may take classes and attend school for other
> educational matters.

The Special Condition of Supervised Release is reasonably
related to deterrence because it demonstrates to others that
there are consequences to repeated use of controlled substances
while on supervised release.

The Special Condition protects the public by requiring
Defendant to demonstrate that he is able to maintain his own
sobriety before he provides counseling to the public on how to

6

maintain sobriety.  Defendant has repeatedly used Methamphetamine while on Supervised Release.  Defendant has not shown that he is able to assist others on how to stay off drugs.

The Special Condition of Supervised Release is reasonably related to Defendant's rehabilitation.  The condition will assist Defendant by requiring him to stay away from drugs, comply with all of the terms and conditions of supervised release, and focus on his sobriety for one year before enrolling in a program to become a drug counselor.

The amended condition ensures that Defendant's education is pursued in the most effective manner and is tailored so as not to involve any greater deprivation of liberty than is reasonably necessary to achieve these goals.  The amended condition does not preclude Defendant from engaging in all schooling or education, only classes and programs for drug and substance abuse counseling.

## CONCLUSION

The District Court **MODIFIES** Special Condition of Supervised Release Number Seven as stated in the August 9, 2016 Judgment (ECF No. 124) and Special Condition of Supervised Release Number Eight as stated in the February 9, 2017 Judgment (ECF No. 140).

//
//

The Special Condition **IS HEREBY MODIFIED** to read as follows:

Defendant may not enroll in a program to become a Certified Substance Abuse Counselor ("CSAC") or take classes aimed at becoming a drug or certified substance abuse counselor unless Defendant complies with all of the terms and conditions of Supervised Release for a period of approximately one year through September 1, 2018. Defendant may take classes and attend school for other educational matters.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 11, 2017.

_____
Helen Gillmor
United States District Judge